UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--- | ---
JUAN PABLO CHAVEZ, | 
                Plaintiff, | 21-CV-9158 (LTS)
-against- | ORDER OF DISMISSAL
JACOB KHALIL; FACEBOOK; INSTAGRAM, | 
                Defendants. | 

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this matter. By order dated November 16, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on December 16, 2021, and the Court has reviewed it. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

In Plaintiff's amended complaint, he names as defendants Facebook, Instagram, and Jacob Khalil, who is alleged to be a citizen of "Palestine" and is also described as "DOE in disguise of @jacobkhalilmusik." Plaintiff alleges that he is a citizen of California, though the only address that he provides for himself is in New York. Plaintiff alleges the following facts:

> Defendant put cash money into the hands of a different colored street "performer," who intentionally, with rude discourse, interrupted Plaintiff during a performance of Serious S*** Is Happening.

(ECF 5 at 13.)

Plaintiff invokes the Trademark Act, and in connection with that claim, he alleges the following:

> What Defendant allegedly did or failed to do that violated Plaintiff's rights under the Trademark Act was false designation of origin, unfair competition. . . . In connection with defendant's goods/services (SEANNA SHARP ON THE ART OF DEATH DEFYING STUNT VIDOS) and their containers for goods/services (WEBPAGE THAT FEATURES THE VIDEO AND TELEVISION), including YouTube . . . defendants used in commerce the word, term, name, symbol, and device. SEALED MARK #1, and intentionally falsely designated the origin of their music goods and services as MUSIC BY SEALED MARK #1, which is a false or misleading description of fact because the music was not by SEALED MARK #1 other than the copied and sampled unpublished track that was unauthorized for distribution, and [is a] false or misleading representation of fact, which has and – (1) is likely to cause more confusion, mistake, and to deceive as to the affiliation, connection, or association of such defendants with plaintiff and another as to the origin, sponsorship, and approval of goods, services, and commercial activities of plaintiff as well as Ms. Sharpe & others, AND (B) in

2

>commercial advertising or promotion, misrepresents the nature, characteristics, qualifies, and [American] geographic origin of Plaintiff's goods, services, and commercial activities.

(*Id.* at 4.)

Plaintiff also invokes the Racketeer Influenced Corrupt Organizations (RICO), the Thirteenth Amendment prohibition on involuntary servitude, and 42 U.S.C. §§ 1981, 1985. (*Id.* at 1.) He contends that he has endured "garden variety mental suffering, 2-week involuntary civil commitment @ Brookdale. Distressed chattel by Prass of Camba w/ 73 precinct." (*Id.* at 13.)

Plaintiff has filed multiple cases, under both the name Chavez and various fictitious names, which have been dismissed for lack of merit or for failure to comply with court orders. *See, e.g., Natural-Unido v. Broad Corp. Does*, ECF 1:21-CV-5586, 7 (S.D.N.Y. Nov. 3, 2021) (listing twenty cases).

Plaintiff brought his original complaint on November 4, 2021. On November 16, 2021, the Court warned Chavez in a separate matter that further frivolous or non-meritorious litigation in this Court would result in an order under 28 U.S.C. § 1651 barring him from filing any new civil actions *in forma pauperis* without prior permission. *See Chavez v. Cause Ya'll Took My Phone I Don't Know Their Names*, ECF 1:21-CV-8526, 4 (S.D.N.Y. Nov. 16, 2021); *see also Chavez v. DHS Chain Command*, ECF 1:21-CV-7259, 18 (S.D.N.Y. Dec. 7, 2021) ("The Court again warns Chavez that his continued filing in the court of submissions that do not comply with the Federal Rules of Civil Procedure will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651").

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 18, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge